UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-00765 |
| ) | Senior Judge Haynes |
| WESTERN EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Plaintiff, Douglas Perkins, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., against the Defendant, Western Express, Inc., his former employer. Plaintiff asserts claims for race and age discrimination in the terms of Plaintiff's employment, hostile work environment and retaliation.

Before the Court is Defendant's motion for summary judgment (Docket Entry No. 14), contending, in sum, that Plaintiff has failed to present evidence to support his claims for race and age discrimination and retaliation. Plaintiff has not filed a response to Defendant's motion for summary judgment.

For the reasons set forth below, the Court concludes that based upon the undisputed facts Defendant's motion for summary judgment should be granted.

**A. Findings of Fact**[1]

---

[1] Defendant filed contemporaneously with its motion for summary judgment a statement of undisputed facts (Docket Entry No. 17), in accordance with Local Rule 56.01(b). Plaintiff has not filed a response to Defendant's statement of undisputed facts. Accordingly, Defendant's proffered statements of fact are undisputed for purposes of summary judgment. Local Rule 56.01(g).

Defendant, Western Express, operates a truckload freight carrying business in Nashville, Tennessee. (Docket Entry No. 1, Complaint at ¶ 2). On February 9, 2008, Defendant hired Plaintiff to work in its body shop, where Plaintiff performed clean up services and light body work. (Docket Entry No. 17, Defendant's Statement of Undisputed Facts, at ¶ 1). In August 2012, Defendant became aware that Plaintiff was disgruntled and unhappy about his poor treatment by Defendant. (Docket Entry No. 15-1, Clarence Easterday Affidavit at ¶ 4). Clarence Easterday, the executive vice president, interviewed Plaintiff to resolve any issues. (Docket Entry No. 17 at ¶ 3). Plaintiff reported the use of racially inappropriate language in the body shop. Id. at 5. At the time of this interview, Easterday did not know that Plaintiff had filed a complaint with the Equal Employment Opportunity Commission. Id. at ¶ 4. Easterday conducted an investigation into the inappropriate language and learned that Plaintiff was the only person who used racial slurs and told insensitive jokes and anecdotes. Id. at ¶¶ 6-7. Easterday also discovered that although Plaintiff alleged that he was treated less favorably than similarly-situated Caucasian employees regarding hourly pay and overtime privileges, two Caucasian employees hired after Plaintiff made $14.00 and $13.00 per hour respectively whereas Plaintiff made $15.00 per hour. (Docket Entry No. 15-1 at ¶¶ 22-23). Also, Plaintiff received a fifty cent per hour raise in September 2011, but had failed to receive another raise because of documented poor performance. Id. at ¶¶ 24-26.

On September 20, 2012, Easterday conducted another interview with Plaintiff and informed Plaintiff that this conduct was unacceptable and a direct violation of Defendant's policy. (Docket Entry No. 17 at ¶¶ 8-9). Plaintiff agreed to stop the racially related discussions, jokes and text messages, and Easterday suggested that Plaintiff be placed on a performance

improvement plan and reevaluated in ninety days, to which Plaintiff agreed. Id. at ¶¶ 10-11.

As of October 26, 2012, Plaintiff was receiving overtime except when he did not work a full week because of elective absences. (Docket Entry No. 15-1, Easterday Affidavit at ¶ 28). According to Easterday, Defendant does not guarantee overtime to any employee and overtime programs are reserved for those who exhibit excellent performance. Id. at ¶ 29.

On December 19, 2012, Plaintiff and Easterday met pursuant to the performance improvement plan. (Docket Entry No. 17 at ¶ 12). Easterday noted that Plaintiff was reprimanded several times during the evaluation period for preventable fuel spills, insubordination and inappropriate racial comments, and Easterday again informed Plaintiff that this conduct was unacceptable. Id. at ¶¶ 13-14. Easterday informed Plaintiff that any further disciplinary or performance issues would result in termination. Id. at ¶ 14.

After December 19, 2012, Plaintiff was reprimanded for several additional incidents of insubordination, racially inappropriate language, harassment of co-workers and failure to comply with Defendant's policies regarding documentation of absences. Id. at ¶ 15. On January 9, 2013, Defendant terminated Plaintiff. Id. Defendant did not hire any employee to fill Plaintiff's vacated position. (Docket Entry No. 15-1, Easterday Affidavit at ¶ 32). Defendant delegated Plaintiff's duties to the existing employees, one of whom was older than Plainitff. Id. at ¶ 33.

### B. Conclusions of Law

Summary judgment is appropriate when the moving party shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir.

1986). However, where, as here, the non-moving party does not formally oppose the motion for summary judgment, the court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

There are two types of Title VII employment discrimination: disparate treatment and disparate impact. Int'l Bhd. of Teamsters v. U.S., 431 U.S. 324, 335 n. 15 (1977). "To base a claim on disparate treatment, the plaintiff must show discriminatory motive. Such proof can be established by direct evidence or may be inferred based on a prima facie showing of discrimination." Huguley v. General Motors Corp., 52 F.3d 1364, 1370 (6th Cir. 1995). Absent direct evidence, a Title VII claim is evaluated using the McDonnell Douglas test, that requires Plaintiff to establish "(1) [he] was a member of a protected class; (2) [he] suffered an adverse employment action; (3) [he] was qualified for the position; and (4) [he] was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees." Williams v. Zurz, 503 Fed. Appx. 367, 376 (6th Cir. 2012). Courts apply the same prima facie test to claims under 42 U.S.C. § 1981. Id. at 375. Because the undisputed facts do not establish genuine issues of material fact that Defendant discriminated against Plaintiff on the basis of race in the terms of his employment, the Court concludes that these claims lack merit.

Although Plaintiff did not specifically allege a mixed-motive claim in his Complaint, Defendant also analyzes Plaintiff's racial discrimination claim under a mixed-motive standard. "[A] Title VII plaintiff asserting a mixed-motive claim need only provide evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) 'race, color, religion, sex, or national origin was *a* motivating factor' for the defendant's

4

adverse employment action." White v. Baxter Healthcare Corp., 533 F.3d 381, 400 (6th Cir. 2008) (emphasis in original) (citations omitted). "The 'ultimate question' in a mixed-motive analysis is simply 'whether there are any genuine issues of material fact concerning the defendant's motivation for its adverse employment decision, and, if none are present, whether the law ... supports a judgment in favor of the moving party on the basis of the undisputed facts.'" Spees v. James Marine, Inc., 617 F.3d 380, 390 (6th Cir. 2010).

Regardless of whether the Court analyzes Plaintiff's claims under a mixed-motive standard or under the McDonnell Douglas framework for single motive claims, Plaintiff has failed to present genuine issues of material fact from which a jury could find that race discrimination was a motivation for Plaintiff's termination.[2]

Absent direct evidence, claims under the ADEA are also evaluated using the McDonnell Douglas test. Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 264 (6th Cir. 2010). Thus, the Plaintiff must prove that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the job in question; and (4) circumstances supporting an inference of discrimination. Blizzard v. Marion Technical Coll.,

---

[2]The Court notes that there is some disagreement whether a plaintiff may assert a mixed-motive claim under 42 U.S.C. § 1981. See Aquino v. Honda of America, Inc., 158 Fed. Appx. 667, 676 (6th Cir. 2005) (holding that the mixed-motive analysis does not apply to discrimination claims under § 1981); but see Bobo v. United Parcel Service, Inc., 665 F.3d 741, 757 (6th Cir. 2012) (applying, without discussion, a mixed-motive analysis to Title VII and § 1981 discrimination claims); Williams, 503 Fed. Appx. at 375 (noting the apparent conflict between Aquino and Bobo, but declining to resolve the issue as unnecessary because plaintiff's claims failed under either standard); Francis v. Davis H. Elliot Const. Co., Inc., No. 3:12-cv-87, 2013 WL 941527, at *7 (S.D. Ohio Mar. 11, 2013) (finding mixed-motive analysis unavailable for claims asserted under § 1981); Hawkins v. Center for Spinal Surgery, 34 F.Supp.3d 822, 837 n. 13 (M.D. Tenn. 2014) (noting Francis's "persuasive explanation as to why mixed-motive claims are not available under § 1981").

698 F.3d 275, 283 (6th Cir. 2012). "An allegation that the plaintiff was replaced by a younger individual supports an inference of discrimination only if the difference in age is significant." Id.

Here, based upon the undisputed facts, the Court concludes that Plaintiff's ADEA claim fails.

As to Plaintiff's claim for retaliation based on circumstantial evidence, a plaintiff must show that "(1) he engaged in protected activity, (2) this exercise of his protected civil rights was known to the defendant, (3) the defendant thereafter took on employment action adverse to the plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action." Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 544 (6th Cir. 2008).

Based upon the undisputed facts, the Court concludes that Plaintiff has failed to prove a prima facie case of retaliation.

In its motion for summary judgment, Defendant did not address Plaintiff's hostile work environment claim. Plaintiff's only allegations in relation to his hostile work environment claim are that "[d]uring plaintiff's employment, defendant allowed and failed to remedy a racially- and age-hostile work environment that altered plaintiff's working conditions. Defendant's actions were in violation of Title VII, Section 1981 and the ADEA" and "Defendant allowed and failed to remedy a racially hostile work environment that altered plaintiff's working conditions in violation of Title VII and Section 1981." (Docket Entry No. 1 at ¶¶ 8, 17).

To establish a prima facie case of hostile work environment based on race and/or age, a plaintiff must show that: (1) he was a member of a protected class; (2) he was subjected to unwelcomed harassment; (3) the harassment was based on race or age; (4) the harassment had the

effect of unreasonably interfering with the plaintiff's work performance by creating an intimidating, hostile, or offensive work environment; and (5) the existence of employer liability. Hafford v. Seidner, 183 F.3d 506, 512 (6th Cir. 1999); Crawford v. Medina Gen. Hosp., 96 F.3d 830, 834-35 (6th Cir. 1996).

Beyond asserting conclusory allegations, Plaintiff's complaint does not allege any specific facts supporting a claim for hostile work environment. The Defendant's undisputed facts do not reflect that Plaintiff was subjected to any discrimination based upon race or age. The undisputed facts show that Plaintiff was responsible for making racially offensive remarks and was disciplined as a result. Plaintiff has not presented any evidence to refute Defendant's proof. Accordingly, the Court concludes that Defendant's claim for hostile work environment should also be dismissed.

Accordingly, for these reasons, the Court concludes that Defendant's motion for summary judgment (Docket Entry No. 14) should be granted.

An appropriate Order is filed herewith.

ENTERED this the 27th day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge